Filed 11/21/25  Vinuya v. Vinuya CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ALICIA VINUYA,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCIS AGUSTIN VINUYA,<br><br>    Defendant and Appellant. | B342367<br><br>(Los Angeles County<br>Super. Ct. No. KD079805) |

APPEAL from an order of the Superior Court of Los Angeles County, Sheryl M. Beasley, Judge Pro Tempore. Affirmed.

Francis Agustin Vinuya, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

# MEMORANDUM OPINION

Francis Agustin Vinuya (Mr. Vinuya) appeals in propria persona from the denial of a request for order and subsequent motion for reconsideration concerning distribution of assets from the retirement plan of his deceased ex-wife Alicia Vinuya (Mrs. Vinuya). There is no appearance by respondent. We affirm by memorandum disposition.

Mr. and Mrs. Vinuya married in 1984. On November 3, 2011, the family law court entered a judgment dissolving the marriage.

The court ordered spousal support and property division according to a settlement agreement reached by the parties. The settlement identified a "Prudential Cigna 401k" belonging to Mrs. Vinuya. The settlement provided that Mrs. Vinuya would release $17,500 from her "Prudential Retirement Account" to Mr. Vinuya, after which neither party "shall retain, nor possess, any access, rights nor interest in the/any retirement accounts of the other spouse after the signing and execution of this Agreement."

According to filings by Mr. Vinuya in the family law court and his brief on appeal, Mrs. Vinuya subsequently married Manuel Tayag, and later died. According to Mr. Vinuya, Tayag administered Mrs. Vinuya's estate, and began receiving benefits from Mrs. Vinuya's retirement plan or plans.

On August 13, 2024, the family law court held a hearing on a request for order filed by Mr. Vinuya. The record on appeal does not contain the request for order, any documents filed in support or opposition, or a reporter's transcript of the hearing, although a court reporter was present. According to the court's minute order, the hearing was an "Evidentiary Hearing re:

2

(1) Whether Retirement Plan was part of the Petition for Dissolution and (2) Whether it was an Omitted Asset and if it is Omitted, what action is Requested of the Court." Tayag is identified as "Claimant," and Mr. Vinuya is "Respondent."

The minute order indicates the family law court heard argument, received testimony from Mr. Vinuya, and took judicial notice of the court file. The court found the November 2011 dissolution judgment "is not subject to modification." The court also found, "[T]he Cigna pension plan was not an omitted asset . . . , and that [Mr. Vinuya] has not proven his case by a preponderance of the evidence." The court denied the request for order.

On August 20, 2024, Mr. Vinuya filed a motion for reconsideration under Code of Civil Procedure section 1008, subdivision (a). In the motion, Mr. Vinuya argued the family law court erred in finding the dissolution judgment could not be modified, and further erred in finding Mrs. Vinuya during the dissolution proceeding had not concealed three pension plan accounts to which Mr. Vinuya was entitled.

On October 18, 2024, the family law court heard the motion for reconsideration, with Mr. Vinuya and Tayag's attorney appearing. Mr. Vinuya testified, and Tayag's attorney presented argument. Although a court reporter was present, a transcript of the hearing is not in the record on appeal. The court denied the motion for reconsideration. Mr. Vinuya timely appealed.

On appeal, Mr. Vinuya argues the retirement plan assets at issue in his request for order were not addressed in the dissolution judgment, and therefore the judgment is subject to modification, contrary to the ruling of the family law court. He argues he is at minimum entitled to equitable relief based on

3

fraudulent concealment of assets by Mrs. Vinuya, and he has met his burden of proof.

Mr. Vinuya has not provided an adequate record to demonstrate error. "It is [the appellant's] burden to provide an adequate record on appeal. [Citation.] To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1048, fn. 1.) As noted, the record before us does not contain Mr. Vinuya's request for order, any filings in support or opposition, or a transcript of the hearing. Mr. Vinuya has provided us with his motion for reconsideration and at least some of the supporting documentation, but has not provided Tayag's opposition to the motion or a transcript of the hearing. We therefore do not have a complete account of the arguments and evidence presented to the court, including whatever testimony or documentary evidence Mr. Vinuya provided. Without that record, we cannot determine if the family law court erred, and therefore must presume its rulings are correct.

## DISPOSITION

The order is affirmed. No costs are awarded.
NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

WEINGART, J.                    M. KIM, J.

4